```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

ANTHONY ROLLINS                  §
                                 §
VS.                              §   ACTION NO. 4:05-CV-408-Y
                                 §
SYSTEMS INTEGRATION, INC.        §
```

### ORDER GRANTING DEFENDANT'S MOTION TO
### DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

On June 27, 2005, plaintiff Anthony Rollins ("Rollins") filed suit, "on his behalf and on behalf of those similarly situated," against defendant Systems Integration, Incorporated ("Systems Integration"), for unpaid overtime wages under the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201, et seq. The crux of Rollins's complaint is that during certain periods of his employment, Systems Integration intentionally mischaracterized his employment as an independent contractor to avoid paying him earned overtime wages, in violation of section 207 of the FLSA. Rollins sued Systems Integration for his overtime pay, liquidated damages, and reasonable attorney's fees and costs. Systems Integration delivered an offer of judgment under FED.R.CIV.P. 68 to Rollins on July 7, 2006. Systems Integration claims this offer of judgment affords Rollins the full relief he would be entitled to if he prevailed on the merits of his claims, and possibly more. Rollins has rejected this offer.

Systems Integration then filed the instant motion to dismiss Rollins's cause of action for lack of subject-matter jurisdiction

under FED.R.CIV.P. 12(b)(1).  The motion presents the issue of whether the Court now lacks subject-matter jurisdiction because System Integration's offer of judgment moots Rollins's claims since it accords Rollins, at a minimum, the full relief he would be entitled to if he were to prevail on the merits of his claims.  The Court concludes that System Integration's offer of judgment does moot Rollins's claims under the FLSA thereby divesting the Court of subject-matter jurisdiction since there is no longer a case or controversy.

I.   FACTUAL BACKGROUND

According to Rollins's complaint, Systems Integration employed Rollins as an electrician journeyman in March 2002.  Beginning in July 2003, Systems Integration informed Rollins that he would no longer be considered an employee, but would be paid as an independent contractor.  Although none of Rollins's duties, responsibilities, or reporting supervisor relationships changed, Rollins ceased to receive overtime pay at one and one-half times his hourly rate for hours he worked in excess of 40 hours per work week.  Rollins remained characterized as an independent contractor until December 2003.

In December 2003, Systems Integration changed Rollins's status back to that of an employee.  Again, none of Rollins's duties, responsibilities, or reporting supervisory relationships changed.

2

Rollins, however, was paid overtime wages for any hours he worked in excess of 40 hours in a work week during this period. Rollins's status as an employee of Systems Integration continued through November 2004.

Starting in December 2004, Systems Integration again converted Rollins's status from employee to that of an independent contractor. As before, Rollins was not compensated overtime wages for hours he worked in excess of 40 hours per work week. This continued until Systems Integration terminated Rollins's employment in May 2005.

As mentioned above, Rollins filed suit against Systems Integration for its failure to pay him overtime wages during the times Systems Integration classified him, in violation of the FLSA, as an independent contractor. Rollins requested that the Court award him his back overtime wages, liquidated damages equal to the amount of his unpaid overtime wages in accordance with Section 216(b) of the Act, costs and attorney's fees, and pre- and postjudgment interest.

On July 7, 2006, Systems Integration delivered to Rollins an offer of judgment in the amount of $5500 under FED.R.CIV.P. 68. Despite adamantly denying any wrongdoing, Systems Integration calculated the amount of overtime pay Rollins would be entitled to if he were to prevail in this case, doubled it to account for his claim for liquidated damages, and left the reminder of its $5500

3

offer to cover his costs and reasonable attorney's fees up to the date it tendered its offer of judgment.  According to the evidence Systems Integration submitted, Rollins was employed as an independent contractor from June 16, 2003, until June 22, 2003; July 7, 2003, until August 17, 2003; September 15, 2003, until November 16, 2003; and, from December 6, 2004, until April 24, 2004.  Systems Integration submitted time cards that reflect Rollins worked a total of 28.75 hours of overtime during the times he was classified as an independent contractor.  Calculating Rollins's rate of pay at one and one-half times his regular hourly rate during the relevant periods, Systems Integration determined that Rollins would be entitled to $258.75 in back overtime wages if he were to prevail in this litigation.  Systems Integration's offer of judgment of $5500 included the $258.75 in back overtime wages, plus an additional $285.75 as liquidated damages under section 216(b), and $4982.50 for Rollins's costs and reasonable attorney's fees incurred up to the date the offer of judgment was tendered.  Rollins has rejected the offer claiming it "is insufficient as to [his] total damages."

II. ANALYSIS

Under FED. R. CIV. P. 12(b)(1), a court may dismiss a case for lack of subject-matter jurisdiction.  But unlike a motion to dismiss under FED. R. CIV. P 12(b)(6), a trial court is free to weigh evidence and satisfy itself of its authority to preside over the

4

matter.  *See MDPhysicians & Assocs., Inc. v. State Board of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992).  "A court may base its disposition of a motion to dismiss for lack of subject-matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Robinson v. TCI/US West Communications*, 117 F.3d 900, 904 (5th Cir. 1997).

The standard for reviewing a 12(b)(1) motion depends on whether the defendant is making a facial or factual attack on the plaintiff's complaint.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A facial attack is made by the mere filing of a Rule 12(b)(1) motion, at which point "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true."  *Id.*  If those jurisdictional allegations sufficiently allege a claim for recovery directly under the Constitution or laws of the United States, the complaint stands and the federal court must entertain the suit.  *Id.; see also Bell v. Hood*, 327 U.S. 678, 681-82 (1946)("Before deciding that there is no jurisdiction, the District Court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States.").  "Jurisdiction, therefore, is not defeated . . . by the possibility that the averments might fail to state a cause

5

of action on which [plaintiff] could actually recover." *Bell*, 327 U.S. at 682.

Conversely, in a factual attack, the defendant submits affidavits, testimony, or other evidentiary materials in support of the motion. *Paterson*, 644 F.2d at 523. In that circumstance, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject-matter jurisdiction." *Id.; see also Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). Moreover, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* But regardless of whether the jurisdictional attack is facial or factual, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would establish the Court's jurisdiction. *See Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

It is well settled that "federal courts lack jurisdiction to decide moot cases because their constitutional authority extends

only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1982). Generally, a settlement renders moot any case between the parties growing out of the settlement even if the parties remain at odds over particular issues that they are litigating. *See Lake Coal Co., Inc. v. Roberts & Schaefer Co.,* 474 U.S. 120 (1985)(vacating judgment of lower court and remanding with instructions to dismiss case as moot when there was a "complete settlement of the underlying causes of action").

In his response to Systems Integration's motion to dismiss, Rollins argues that "if damages were calculated reflecting his status as an employee at all times during his employment with [Systems Integration], [his] wages, including overtime, would greatly exceed $5500." Although Rollins disputes the fact that $5500 is sufficient to afford him full relief, he provides no evidence to support that contention. Instead, Rollins argues that "he should not be obligated to tender substantial proof of [his] allegations at this stage of the litigation."

But Systems Integration has made a factual attack to the subject-matter jurisdiction of the Court. Under that circumstance, Rollins is required to submit evidence and the burden rests with him to establish by a preponderance of the evidence that the Court does in fact enjoy subject-matter jurisdiction over his case. *Paterson*, 644 F.2d at 523. Without any rebuttal evidence, the

7

Court is left with only the conclusory assertion in his brief that the amount Systems Integration offered is insufficient. Thus, the Court will treat the evidence submitted by Systems Integration as unrebutted.

In pertinent part, Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property to the effect specified on the offer, with costs then accrued . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

FED.R.CIV.P. 68. The purpose of Rule 68 is to encourage settlement and avoid litigation. *Marek v. Chesny,* 473 U.S. 1, 5 (1985). "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Id.* at 10. And Rule 68 allows for the parties in a suit to evaluate the costs and risks of litigation, and to balance that against the likelihood of success after trial on the merits. *Id.* at 5.

Here, Systems Integration made an offer of judgment designed to afford Rollins all relief he would be entitled to under section 216(b) of the FLSA if he succeeded on the merits. First, Systems Integration's offer included the total amount of overtime wages Rollins would be entitled to if he prevailed in his suit. To support this, Systems Integration submitted all of Rollins's time

8

cards establishing the total hours of overtime Rollins worked without receiving overtime pay and submitted evidence establishing the rate of Rollins's overtime pay.  Rollins has submitted no evidence in rebuttal.  Second, the offer included an equal amount of the unpaid overtime wages as liquidated damages Rollins would be entitled to if he succeeded in his suit.  And, third, the offer included a specific amount to cover Rollins's costs and reasonable attorney's fees incurred up to the time Systems Integration tendered its offer.  Again, although Rollins states in his responsive pleading that the amount Systems Integration tendered is insufficient, he has offered no evidence to substantiate that claim.  Thus, although Systems Integration's offer included a specific dollar amount for reasonable attorney's fees and costs incurred up to the date it tendered its offer, because Rollins has failed to present any evidence in rebuttal, the Court concludes that its offer of judgment sufficiently covers all of Rollins's reasonable costs and attorney's fees incurred up to the point the offer was tendered.

Therefore, at the point Systems Integration made that offer, Rollins's legal dispute became moot because he no longer had any case or controversy.  Even though Rollins rejected the offer, "you cannot persist in suing after you've won."  *Greisz v. Household Bank,* 176 F.3d 1012, 1015 (7th Cir. 1999)(Posner, J.).  Rollins's case became moot because he no longer had a legally cognizable

9

interest in the outcome of the litigation. *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000). Systems Integration offered exactly what Rollins would be entitled to if he prevailed in this suit. At that point, the Court lost subject-matter jurisdiction over this case. *See, Rand v. Monsanto Company,* 926 F.2d 596, 597 (7th Cir. 1991)(Easterbrook, J.)("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under FED.R.CIV.P. 12(b)(1), because he has no remaining stake."); *MacKenzie v. Kindred Hospitals East, L.L.C.,* 276 F.Supp.2d 1211, 1219 (M.D.Fl. 2003)(holding offer of judgment in excess of amount plaintiff could recover if prevailed in FLSA suit mooted case); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 452-53 (E.D.N.Y. 2000)(holding plaintiff had no more stake in case after defendant tendered offer of judgment in full amount plaintiff would be entitled to recover); *but see, Raney v. Young & Brooks,* No. H-05-0410, 2005 U.S.Dist. LEXIS 43813, slip op. at 2 (S.D.Tx. April 26, 2005)(holding defendant's offer of judgment did not moot case because it failed to offer costs and reasonable attorney's fees).

Furthermore, although Systems Integration's offer did not address pre-judgment interest as prayed for in Rollins's complaint, he is not entitled to pre-judgment interest in claims arising under section 216(b) of the FLSA. *See Cox v. Brookshire Grocery Company,* 919 F.2d 354, 357 (5th Cir. 1990)(stating "pre-judgment interest is

10

not available for [section] 216 claims"). And although the offer also did not mention postjudgment interest, that is moot since Rollins would immediately receive his judgment with no time available for interest to accrue. Finally, although Rollins purports to bring this action "on behalf of those similarly situated," he has presented no evidence, and the record is devoid of any evidence, that any other employee or former employee of Systems Integration has consented in writing to join Rollins's action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir. 1975)(holding plaintiff under FLSA action has no right to represent a class).

Fundamentally, Rollins fails to produce any evidence to establish that Systems Integration's offer of judgment fails to make him whole, and as a result, fails to meet his burden establishing that the Court retains subject-matter jurisdiction. Accordingly, the Court concludes that Systems Integration's offer of judgment fully accords Rollins all of the relief he would be entitled to if he were to prevail, and thus, his case is now moot.

III. CONCLUSION

11

For the foregoing reasons, the Court GRANTS Systems Integration's motion to dismiss for lack of subject-matter jurisdiction. Accordingly, the above-styled and -numbered case is DISMISSED WITHOUT PREJUDICE. Should Systems Integration fail to pay Rollins in accordance with its offer of judgment, Rollins is free to refile his suit. Any unresolved motions as of the date of this order are hereby RENDERED MOOT.

SIGNED December 4, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE